■ In the Matter of the Estate of ONTARL J. CHRISTOPHER, Deceased. J. TERRY CHRISTOPHER, Appellant-Respondent; MARY L. GREENOUGH et al., Respondents-Appellants. [720 NYS2d 391] —In a proceeding pursuant to SCPA 2110, (1) the petitioner appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Dutchess County (Pagones, S.), dated November 24, 1999, as denied the petition for legal fees and granted that branch of the motion of Mary Lynn Greenough, Rush Greenough IV, and Christopher S. Greenough to dismiss the petition, and (2) Mary Lynn Greenough, Rush Greenough IV, and Christopher S. Greenough cross-appeal from so much of the same order as denied those branches of their motion which were to strike scandalous and prejudicial matter and to impose sanctions against the petitioner and his attorney.

Ordered that the notice of cross appeal is treated as an application for leave to cross-appeal from so much of the order as denied that branch of the motion which was to strike scandalous and prejudicial matter, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the appellant's contentions, because there was no finding of misconduct on the part of his sister, Mary Lynn Greenough, the only other beneficiary of their father's estate, the Surrogate's Court providently exercised its discretion in denying the petition seeking payment of his attorney's fees solely from her share of the proceeds of the estate (see, Matter of Graham, 238 AD2d 682; Matter of Burns, 126 AD2d 809). The Surrogate's Court also did not err in denying the application of Mary Lynn Greenough, Rush Greenough IV, and Christopher S. Greenough for the imposition of sanctions. Although the petition for attorney's fees was without merit, it did not rise to the level of frivolous conduct necessary for the imposition of sanctions (see, 22 NYCRR 130-1.1 [a], [c]).

The parties' remaining contentions are either academic, unpreserved for appellate review, or without merit. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.